*NOT FOR PUBLICATION*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————
                                        :
RAFAEL HERNANDEZ              :          Civ. Action No. 09-4563 (FLW)
                                        :
                    Petitioner,      :
                                        :          **OPINION**
                                        :
v.                                      :
                                        :
                                        :
UNITED STATES OF AMERICA,    :
                                        :
                    Respondent.   :
———————————————————:

**WOLFSON, United States District Judge**:

In the instant matter, pro se Petitioner Rafael Hernandez ("Hernandez" or "Petitioner"),  a

prisoner presently confined at CI Moshannon Valley Correctional Center, petitions the Court to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.   Hernandez asserts that

his counsel was ineffective because the attorney allegedly failed to argue certain factors that

should have been considered by the Court during sentencing under United States Sentencing

Guidelines § 5K2.0.   Respondent United States of America ("the Government") moves to

dismiss Hernandez's motion.   The Court has considered the submissions of the parties and for

the following reasons will dismiss Hernandez's petition.

### I.        BACKGROUND

As the parties are familiar with the facts, the Court will set forth only those necessary to

its analysis.   On May 19, 2008, Hernandez pled guilty before this Court pursuant to a plea

agreement between Hernandez and the Government.  Hernandez pled guilty to a one-count Information, which charged that on or about May 6, 2007, in the District of New Jersey and elsewhere, Hernandez knowingly and intentionally conspired and agreed with others to possess and distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(b)(1)(A) and 21 U.S.C. § 846.  The parties stipulated that the offense involved 32 kilograms of cocaine.

Importantly, in preparation for the October 10, 2008 sentencing hearing, defense counsel submitted a letter to the Court on October 2, 2008, arguing for a variance pursuant to 18 U.S.C. § 3553.  See Mr. Mark Cohen's Letter Dated October 2, 2008.  Defense counsel argued that Hernandez had five (5) children, and emphasized that Hernandez supported two (2) of them "without fail over the years."  Id. at 4.  Additionally, counsel made repeated reference to Hernandez's family and children, emphasizing Hernandez's familial ties.  Id. at 3 - 4.  Counsel's letter also attached additional correspondence to the Court from Hernandez's family members, including his children, as "evidence of Mr. Hernandez's dedication to his children and their warm feelings toward him."  Id.  Furthermore, counsel argued that Hernandez had "endured eleven months at Passaic County Jail" and that he regretted involvement in the underlying crime. Id.  In addition, counsel argued that Hernandez was "likely to be removed from the United States" upon conclusion of his term of incarceration and, therefore, that he would not gain the benefit of educational or vocational training while incarcerated.  Id.  Pursuant to these reasons, counsel argued that the Court should consider these factors under § 3553 when fashioning an appropriate sentence.

On October 10, 2008, Hernandez was sentenced before this Court.  At the sentencing, Hernandez's counsel, reiterating his legal brief, advanced four arguments in support of the variance pursuant to 18 U.S.C. § 3553(a).  First, counsel argued that Hernandez had a large

close-knit family that included his common law spouse of twenty-two years, seven children (from three separate mothers), and an extended family--many of whom were present during the sentencing.  See Transcript at 8:11-25.  In separate written statements, his children shared that Hernandez was a "dedicated father," and a "family man" who was consistently in contact with his loved ones.  Id. at 9:1-3.  Second, counsel described to the Court that Hernandez had accepted responsibility for his actions from the moment that counsel had been retained.  Third, counsel noted that the likelihood of Hernandez's deportation weighed in favor of a lenient sentence.  Id. at 12:3-6.  Fourth, counsel argued for a downward departure based on Hernandez's unfavorable prison conditions, which included the time that he spent in Passaic County jail.  Id. at 13:1-5.  Additionally, Hernandez was provided the opportunity to speak on his own behalf during the sentencing.  Taking this opportunity, Hernandez communicated to the Court the following:

> I would like to apologize to the government of the United States for having participated in this.  I am very sorry.  I would also like to apologize to my family for my participation in this.  I'm very sorry to have done this.  And I ask, your Honor, if at all possible to extend consideration.

Id. at 14:6-12.

In determining Hernandez's sentence, the Court considered the following factors: (1) large quantity of narcotics involved; (2) Hernandez's role in the conspiracy as an intermediary; (3) the specific and general deterrence effects of the sentence; (4) the specific characteristics of Hernandez, including his lack of criminal history and employment history; and (5) Hernandez's familial ties, including his long-term relationships, his children, and attempts to provide for his extended family.  Id. at 19:6-9; 21:6-25.  This Court indicated at sentencing that it takes seriously its "powers post-Booker and the ability to make determinations that are outside of the Guidelines, with the Guidelines being one of the serious considerations, and many times has

sentenced outside of the Guidelines." Id. at 22:9-17.  In consideration of these factors, including

Hernandez's acceptance of responsibility and demonstration of remorse, the Court granted a 2-

point downward departure under Section 3E1.1(a)[1]; another 2-point downward departure and the

avoidance of the 10-year statutory mandatory minimum, under Section 5C1.2 and 18 U.S.C. §

3553(f); and an additional 1-point downward departure under Section 3E.1.1(b).  See Transcript

---

[1] Pursuant to U.S.S.G. §3E1.1, a criminal defendant may receive a downward departure of two (2) levels: "(a) If the defendant clearly demonstrates acceptance of responsibility for his offense . . . ."  In order to determine if a criminal defendant is entitled to such a departure, appropriate considerations are made with respect to the following, although the Court is not solely limited to these factors:

> (a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility;
>
> (b) voluntary termination or withdrawal from criminal conduct or associations;
>
> (c) voluntary payment of restitution prior to adjudication of guilt;
>
> (d) voluntary surrender to authorities promptly after commission of the offense;
>
> (e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;
>
> (f) voluntary resignation from the office or position held during the commission of the offense;
>
> (g) post-offense rehabilitative efforts (e.g., counseling or drug treatment); and
>
> (h) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.  See U.S.S.G. § 3.E.1 Application Notes.

at 4:17-6:23.   Applying these departures, this Court determined Hernandez's offense level to be 29, and his criminal history category to be I, resulting in a total Guideline range of 87-108 months of incarceration.   This Court sentenced Hernandez to eighty-seven (87) months of imprisonment followed by five (5) years of supervised release.

Hernandez filed the instant pro se petition to set aside or correct his sentence pursuant to § 2255.   Petitioner's sole basis for relief is ineffective assistance of counsel.   In the instant matter, the Government moves to dismiss Hernandez's petition.

## II.    DISCUSSION

In his petition, Hernandez contends that his Sixth Amendment right was violated because his counsel failed to move for Guideline departures during sentencing.   The Sixth Amendment guarantees criminal defendants the right of effective assistance of counsel.   McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970).   Hernandez's § 2255 Petition raises five bases for ineffective assistance of counsel.   Specifically, Hernandez argues that his counsel was ineffective because he did not move at the time of sentencing for Guideline departures pursuant to § 5K2.0 based on:  (1) "exceptional remorse"; (2) his status as a deportable alien; (3) his exposure to poor conditions of pretrial detention; (4) "extraordinary family ties and relationships," and (5) the combination of all of Hernandez's arguments that take his circumstance outside of the "heartland of Guideline cases and mak[ing] collateral relief under § 2255 appropriate."   See Hernandez's Brief 7 – 15.

In order to succeed on a claim of ineffective counsel, Hernandez must prove two elements pursuant to the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984); see also U.S. v. King, No. 09-3195, 2010 WL 2911651, at * 3 (3d Cir. Jul. 27, 2010); United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008).   First, Hernandez must show that counsel's

performance (viewed at the time of counsel's conduct) was inadequate and "fell below an objective standard of reasonableness;" in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-688.  Hernandez must then show that the deficient performance prejudiced the defense.  In other words, Hernandez must prove that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  In the context of sentencing, prejudice exists where the inadequate performance affected the criminal defendant's sentence.  United States v. Hankerson, 496 F.3d 303, 310 (3d Cir. 2007); see also Nunez v. United States, 352 Fed. Appx. 745 (3d. Cir. 2009).

The determination of counsel's ineffectiveness is highly deferential to counsel's professional judgment.  See Jones v. Barns, 463 U.S. 745, 754 (1983).  "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies" counsel's ability to support his client.  Id.  When analyzing counsel's performance, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  Strickland, 466 U.S. at 689.  Ineffectiveness can be shown "[w]here the deficiencies in counsel's performance are severe and cannot be characterized as the product of strategic judgment."  United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989).  Moreover, "[o]nly those habeas petitioners who can prove under Strickland that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to

retrial without the challenged evidence." Kimmelman v. Morrison, 477 U.S. 365, 382 (1986).

The Court finds Hernandez's claims without merit because his counsel specifically argued all the factors Hernandez advances here, albeit in the context of § 3553. Indeed, U.S.S.G. § 5K2.0 involves substantially similar analysis required under § 3553. Guideline § 5K2.0 provides that a sentencing court may depart from the applicable guideline range in cases not involving child crimes and sexual offenses if

> the court finds, pursuant to 18 U.S.C. § 3553(b)(1), that there exists . . . [a] mitigating circumstance . . . of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objective set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described.

U.S.S.G. § 5K2.0(a)(1); U.S. v. Miller, 94 Fed. Appx. 121, 125-126 (3d. Cir. 2004); see also U.S. v. Shoupe, 35 F.3d 835, 839 (3d. Cir. 1994) ("the defendant could not obtain a departure under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0 based on the same factors . . . "). Essentially, because U.S.S.G. § 5K2.0 incorporates a § 3553 variance analysis into its departure analysis and the Court having already considered the circumstances that Hernandez argues would warrant a departure under § 5K2.0, it does not find counsel was ineffective.

Indeed, the Court agrees with the Government that the sentencing colloquy forecloses any argument that the final determination by this Court would be substantively unreasonable due to counsel's representation. On the record before this Court, it is clear that defense counsel competently argued for a variance and was certainly far from being inadequate under the first Strickland prong. As noted above, Hernandez's counsel explained that Hernandez had an "extensive" and "close-knit" family, including a common law spouse of 22 years, and 7 children; that Hernandez had accepted responsibility for his actions; the likelihood of Hernandez's deportation to the Dominican Republic; and the unfavorable conditions of the prison facility in

Passaic County in which Hernandez was incarcerated.  See Transcript at 8:18-9:11, 11:19-13:3-14.  The Court took into consideration these circumstances when determining the adequate variance from the Sentencing Guidelines, and thoroughly explained the reasons for its imposed sentence, noting the seriousness of the offense, but also acknowledging his favorable personal characteristics and the support he received from his family and friends.  Consequently, the Court granted a 2-point variance under §3E1.1(a), another 2-point variance, and the avoidance of the 10-year statutory mandatory minimum, under Section 5C1.2 and 18 U.S.C. § 3553(f), and an additional 1-point variance under § 3E1.1(b).  Therefore, with respect to the substantive reasonableness of the sentence, it is clear that the sentence is "within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors."  United States v. Wise, 515 F.3d 207, 218 (3d Cir. 2008); United States v. Wiggins, 298 Fed. Appx. 907, 909 (3d Cir. 2008).  Thus, as this Court already considered the factors that provided foundation for a variance at the time of sentencing, defense counsel's representation was not inadequate and did not fall below an objective standard of reasonableness.  Moreover, while it is not necessary to examine the second prong of prejudice under Strickland, after a careful examination of the facts and circumstances of this case, it is clear that the result of the proceeding would not have been different had counsel argued a downward departure pursuant to § 5K2.0.  In short, counsel's decision to argue a variance, rather than a departure, did not undermine confidence in Hernandez's sentence, as required by the second Strickland prong.  Strickland, 477 U.S. at 694.

The Court also agrees with the Government that even if counsel had argued Hernandez present arguments in the context of a Guideline departure, the outcome would have been the same.  Indeed, whether couched as a departure motion or a variance motion, the record does not support a finding that Hernandez's acceptance of responsibility, remorse, or family ties and

relationships were so extraordinary so as to warrant a Guideline departure at sentencing beyond the significant variance that Hernandez received.  See States v. Lieberman, 971 F.2d 989, 992 (3d Cir. 1992); United States v. Sweeting, 213 F.3d 95, 99-100 (3d Cir. 2000) ("[A] downward departure based on family ties and responsibilities should be the exception rather than the rule."); United States v. Colon, 45 Fed. Appx. 210, 212 (3d Cir. 2002) (citations omitted) (The Third Circuit has "not decided whether deportable alien status can justify a downward departure"); see also Arroyo-Angulo v. United States, 961 F.Supp. 698, 702 (D.N.J. 1997); United States v. Stevens, 223 F.3d 239, 248 (3d Cir. 2003) (The Third Circuit has not addressed whether a downward departure based on prison conditions is appropriate).

Accordingly, Hernandez's petition based upon the ineffective assistance of counsel is dismissed.

DATE:  August 17, 2010                                        /s/ Freda L. Wolfson
                                                             Freda L. Wolfson
                                                             United States District Judge